## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **COLETTE SALZMANN** | * | Case No. |
| 1000 West State Line Rd | | |
| Apt 201 | * | Judge |
| Toledo, Ohio 43612 | | |
| | * | **COMPLAINT; JURY DEMAND** |
| Plaintiff, | | **ENDORSED HEREON** |
| v. | * | |
| | | Francis J. Landry (0006072) |
| **DFM SOLUTIONS, LLC** | * | Katherine A. P. Macek (0086885) |
| 777 Woodward Ave | | **WASSERMAN, BRYAN, LANDRY** |
| Suite 200 | * | **& HONOLD, LLP** |
| Detroit, Michigan 48226 | | 1090 W. South Boundary St |
| | * | Suite 500 |
| Defendant. | | Perrysburg, Ohio 43551 |
| | * | Telephone:  (419) 243-1239 |
| | | Facsimile:  (419) 243-2719 |
| | * | Email:  FLandry308@aol.com |
| | | kMacek@wblhlaw.com |
| | * | Attorneys for Plaintiff |
| | | Colette Salzmann |

*     *     *     *     *     *     *     *

## JURISDICTION

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of the Americans with Disabilities Act as amended, 42 U.S.C. Sections 12101 et seq.  This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment.  On June 26, 2025, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission on the basis of disability, charge number TOLB2(016082)06262025 AMENDED/22A-2025-03984, attached hereto as Exhibit A and

incorporated by reference as if fully restated herein.  On April 2, 2026, the district director of the EEOC notified Plaintiff of her right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B. On December 18, 2025, the Toledo Regional Director of the OCRC notified Plaintiff of her right to file suit in an appropriate court, attached hereto as Exhibit C.  This Court's supplemental jurisdiction is also invoked over state law claims.

## PARTIES

2.      Plaintiff, Colette Salzmann, is a citizen of the United States, and a resident of the City of Toledo, State of Ohio, who was employed by Defendant from January 1, 2022 until her termination on February 20, 2025.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Americans with Disabilities Act and the Ohio Revised Code in that the Plaintiff was an employee of an employer who at all times relevant hereto had more than twenty-five (25) employees.

3.      Plaintiff states that the Defendant is a foreign corporation formed under the laws of the state of Michigan, providing services at the General Motors Toledo Plant, located in Toledo, Ohio. At all times material hereto, Defendant at all times had more than twenty-five (25) employees and was also an employer within the meaning of the Americans with Disabilities Act, and Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4.      Plaintiff brings this action for damages and injunctive relief for an unlawful termination of her employment.  Plaintiff alleges that in terminating her, the Defendant did so in violation of the Americans with Disabilities Act and Chapter 4112 of the Ohio Revised Code.

## GENERAL ALLEGATIONS

5.      Plaintiff was employed as an Industrial Cleaner for Defendant.

6.      Plaintiff began her employment with Defendant in January of 2022 ,after Defendant acquired Plaintiff's previous employer. Plaintiff had been employed with her previous employer since 2018.

7.      Plaintiff performed her job well, and was a highly rated employee. She was well qualified for her position based on her education and experience.

8.      Plaintiff provided cleaning services at the Toledo GM facility.

9.      Plaintiff was employed in a part time, on call position.

10.      In October of 2024, Plaintiff was coerced and forced to take a full time position  by threats of demotion and loss of seniority.

11.      Plaintiff was eventually moved back to her on call, part time position, which aligned better with her needs given her and her daughter's disabilities.  However, once she was returned to her old role, she was terminated.

12.      Plaintiff informed her manager that she was not able to work in February of 2025 due to her daughter suffering from a mental health crisis.

13.      Plaintiff also informed her manager she was unable to work another shift because she had a procedure scheduled for her own disabling condition.

14.      Plaintiff was terminated February 20, 2025, allegedly for a violation of the absentee policy. Said reason for Plaintiff's termination is false and pretextual, especially since she was terminated for dates she was not able to pick up a shift due to her and her child's disabilities.

**FIRST CLAIM FOR RELIEF**
**Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.**

15.      Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fourteen (14) of this Complaint, supra, by reference in its entirety as if fully stated herein.

16.     Plaintiff states that at and prior to her termination, she was a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.  Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled.

17.     Plaintiff states that on February 20, 2025, Defendant terminated Plaintiff because of her disability and/or because of its perceptions of her disability.  Plaintiff states that she suffered from severe PTSD, major depression and anxiety.  Said disabling conditions substantially limited Plaintiff's major life activities of working, interacting with others, concentrating, and a broad range of daily life activities. Plaintiff states that the Defendant was aware of her disability, as she had informed her manager, and had provided text messages when she was unable to work due to her disabling condition.

18.     Plaintiff was terminated on February 20, 2025, allegedly for a violation of the absence policy.

19.     Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed her job to Defendant's reasonable expectations, and her absences were due to her disability of which her manager was aware.

20.     At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.  Despite her disability, Plaintiff can safely and substantially perform the essential functions of her position with or without an accommodation.

21.     Employees other than Plaintiff, who are not disabled retained their positions. Plaintiff was not retained in her position, and upon information and belief, was replaced after her termination.

22.     Plaintiff states that in terminating her employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

23.      As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Disability Discrimination O.R.C. Sections 4112.02(A)**

24.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-three (233) of this complaint by reference in its entirety as if fully restated herein.

25.     Plaintiff states that at and prior to her termination, she was a disabled individual within the meaning of Ohio Revised Code Chapter 4112.02(A). Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled.

26.      Plaintiff states that on February 20, 2025, Defendant terminated Plaintiff because of her disability and/or because of its perceptions of her disability.  Plaintiff states that she suffered from severe PTSD, major depression and anxiety.  Said disabling conditions substantially limited Plaintiff's major life activities of working, interacting with others, concentrating, and a broad range of daily life activities. Plaintiff states that the Defendant was aware of her disability, as she had informed her manager, and had provided text messages when she was unable to work due to her disabling condition.

27.     Plaintiff was terminated on February 20, 2025, allegedly for a violation of the absence policy.

28.     Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed her job to Defendant's reasonable expectations, and her absences were due to her disability of which her manager was aware.

29.      At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.  Despite her disability, Plaintiff can safely and substantially perform the essential functions of her position with or without an accommodation.

30.     Employees other than Plaintiff, who are not disabled retained their positions. Plaintiff was not retained in her position, and upon information and belief, was replaced after her termination.

31.     Plaintiff states that in terminating her employment, the Defendant violated and/or intentionally violated Chapter 4112.02(A).

32.     As a proximate result of the actions of Defendant  as complained of herein, said Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Associational Disability Discrimination**

33.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-two (32) of this Complaint, supra, by reference in its entirety as if fully restated herein.

34.      Plaintiff states that at and prior to her termination, she was associated with a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.

35.      Plaintiff states that effective February 20, 2025, Defendant terminated her employment because of her association with a person with a disability.  Plaintiff states that her daughter suffered

from depression and severe anxiety. Plaintiff states that her daughter's disabling condition substantially limited her major bodily functions, including concentration, interaction with others, sleeping, learning, and a broad range of daily life activities which require frequent observation and care.

36. Plaintiff states that the Defendant was aware of her daughter's disability, as Plaintiff had mentioned the issue to her manager and sent text messages when she was unable to work due to her daughter's disability.

37. Plaintiff was terminated on February 20, 2025, allegedly for a violation of the absence policy.

38. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed her job to Defendant's reasonable expectations, and her absences were due to her disability or her daughter's disability of which her manager was aware.

39. At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.

40. Employees who were not associated with a person with a disability were not terminated from their positions.

41. Plaintiff states that in terminating her employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

42. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position together with lost back pay seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees.  Plaintiff also seeks an amount of liquidated damages equal to her damages and costs and attorney fees all together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

**/s/Francis J. Landry**
Francis J. Landry, Attorney for
Plaintiff, Colette Salzmann

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/s/Francis J. Landry
Francis J. Landry